**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tonya D. Huyghe and Gary Huyghe,

      Plaintiffs

v.

Nationstar Mortgage, LLC dba Rushmore
Servicing; U.S. Bank NA, as Trustee for
RMTP Pass-Through Trust Series 2021
Cottage-Gov-Vas (Reo),

      Defendants

Case No. 2:24-cv-02276-JAD-DJA

**Order Granting in Part and Denying
in Part Motion for Summary Judgment**

ECF No. 26

Tonya and Gary Huyghe claim that their home-loan servicer Nationstar Mortgage LLC, doing business as Rushmore Servicing, didn't credit their U.S. Bank mortgage account for the approximately $12,000 in interest payments made through their bankruptcy case. So when the Huyghes ultimately sold their home, the payoff balance was overstated by that amount. To add insult to injury, they contend, Nationstar failed to properly respond to their requests for documents or take timely action to investigate and correct this accounting error, and U.S. Bank's response to their request for a payoff quote was late and wrong. So the Huyghes bring claims for deceptive trade practices and for violations of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA).[1]

Discovery has closed, and the defendants move for summary judgment on all claims. They argue that the Huyghes' payments were properly accounted for, that they fully and timely responded to the couple's correspondence, and that there was no false representation to support a

---

[1] ECF No. 1.

deceptive-trade-practices claim.[2]  I find that Nationstar and U.S. Bank have failed to establish with their more than 700 pages of exhibits that the Huyghes' interest payments were properly credited, leaving a genuine issue of fact that precludes summary judgment on the claims that are founded on that accounting error.  But Nationstar's response to the Huyghes' request for information was RESPA compliant, and the facts of this case don't support a deceptive-trade-practices claim, so I grant Nationstar summary judgment on the Huyghes' first and fourth claims for relief.  I then order the parties to a mandatory settlement conference with the magistrate judge on the remaining second and third claims.

**Analysis**

**A.    Nationstar's response to the Huyghes' request for information was RESPA compliant, meriting summary judgment on the first claim.**

In their first claim for relief, the Huyghes allege that Nationstar's response to their January 5, 2024, request-for-information letter (RFI)[3] violated § 1024.36 of RESPA, which requires a servicer to respond to the borrower's specific request within 30 days.[4]  They identify two main substantive deficiencies in that response: (1) the transaction history Nationstar provided went back only to April 2022, not the loan-origination date of May 16, 2017; and (2) Nationstar refused to turn over servicing notes, claiming that they contain confidential, proprietary, or privileged information.[5]  The Huyghes theorize that they were damaged by these

---

[2] ECF No. 26.

[3] ECF No. 26-18 at 10–14 (RFI).

[4] ECF No. 1 at 11.

[5] *Id*. at 12–13.

failures because they were forced to pay their lawyer to escalate the issue with an August 26, 2024, notice-of-error letter.[6]

Nationstar moves for summary judgment on this claim, arguing that the RFI wasn't a Qualified Written Request that triggered § 1024.36's requirements, but its response[7] was nevertheless compliant.[8]  Plus, the claim fails because the plaintiffs were not damaged by the alleged violation, they can't recover attorneys' fees and costs, and regardless, there is no private right of action for such a violation.[9]

Assuming without deciding that the RFI was a Qualified Written Request and that RESPA affords a private right of action for the failure to properly respond to one, Nationstar is entitled to summary judgment on this claim because the fact that its response was statutorily adequate is not subject to genuine dispute.[10]  The Huyghes' RFI, which was sent to Nationstar's "Rushmore Servicing" entity, does not identify any perceived problem with the loan or its servicing.  It asks for 14 categories of documents including the entire history of this ten-year-old mortgage, broker's price opinions, a copy of the original note, the most two recent escrow-account analyses, servicing notes, various information about loss-mitigation applications, a reinstatement quote, and ten years of written correspondence.  It concludes, "Should Rushmore not be able to provide any of the information requested . . . because you are not in possession of such information, or it does not exist, please indicate the same in your response."[11]

---

[6] ECF No. 27 at 21–22.

[7] ECF No. 26-19 at 2 (Jan. 19, 2024, response to RFI).

[8] ECF No. 26 at 15.

[9] *Id*. at 16–21.

[10] ECF No. 26-18 at 10.

[11] *Id*. at 14.

Rushmore timely responded by explaining that it took over this loan's servicing just months before on September 1, 2023, and that the loan had been paid off on December 20, 2023.[12] Nevertheless, Rushmore provided more than 70 pages of documents, including account transaction history going back to 2022, a copy of the note and deed of trust, and the two most recent escrow-account analyses. Rushmore explained that a reinstatement quote was not available because the loan had been paid off (and thus was not in need of reinstatement), that the borrowers had never applied for loss-mitigation assistance, and that no broker price opinions had been performed. Finally, Rushmore said that it considered the request for ten years of correspondence to be overbroad and unduly burdensome and that the request for servicing notes sought confidential, proprietary, or privileged information, so those requests would not be fulfilled.[13]

On this record, I cannot conclude that this response violated Nationstar and Rushmore's obligations. The servicer provided documents responsive to the majority of the Huyghes' requests, and it explained what information it didn't have and why. This was what § 1024.36(d) of RESPA required in response to this request.[14]

Moreover, the servicer's assertions that the request for ten years of correspondence was overly broad and unduly burdensome, and that the servicing notes were confidential, proprietary, or privileged, were reasonable. Section 1024.36(f) of RESPA excuses a servicer from complying with a request "if the servicer reasonably determines that . . . [t]he information requested is confidential, proprietary, or privileged"; if the requested information "is not directly related to

---

[12] ECF No. 26-19 at 2.

[13] *Id*. at 3.

[14] *See* 12 C.F.R. § 1024.36(d).

the borrower's mortgage loan account," or if the "request is overbroad or unduly burdensome."[15] "An information request is overbroad if a borrower requests that the servicer provide an unreasonable volume of documents or information to a borrower."[16] "Courts have found that broad requests unnecessarily burden loan servicers and actually undermine their ability to effectively respond to a borrower's inquiry."[17]

A request for documents going back ten years is objectively an extremely broad one. And it is subjectively overbroad here because the plaintiffs did not explain in their RFI why they were seeking any of the information they asked for. So it was entirely reasonable for the servicer to perceive the request for ten years of correspondence as overbroad or unduly burdensome. That same lack of context also justified the servicer's conclusion that it did not need to turn over internal loan-servicing notes because that information is proprietary. So I find that, on this record, the response to the RFI was compliant as a matter of law, and Nationstar is entitled to summary judgment on the plaintiffs' first claim for relief.

**B.      Genuine issues of material fact preclude summary judgment on the claims founded on the failure to properly credit the interest payments.**

The same cannot be said for the plaintiffs' second and third claims for relief. In count two, the plaintiffs allege that Nationstar 's response to their August 26, 2024, Notice of Error (NOE) violated RESPA because the servicer refused to provide a full transaction history and servicing notes, sent a boilerplate form response instead of performing an individualized

---

[15] 12 C.F.R. § 1024.36(f).

[16] 12 C.F.R. § 1024.36(f)(1)(iv).

[17] *Crowley v. Ameriprise Fin., Inc.*, 2014 WL 12586069 at *3 (C.D. Cal. Sept. 3, 2014) (collecting cases).

investigation, and did not correct any errors.[18]  In count three, the plaintiffs allege that U.S. Bank violated TILA with its payoff statement because its quote "included inaccurate and inflated claims" for interest.[19]  Both of these claims are founded, in whole or in part, on the factual premise that the plaintiffs' mortgage account was not properly credited for more than $12,000 in interest payments made through the bankruptcy case.

Despite attaching more than 700 pages of exhibits to their motion for summary judgment, the defendants have not shown that the bankruptcy payments were credited to the plaintiffs' mortgage account.  The pages that the defendants point to don't match up with the figures that the plaintiffs allege such that this court can conclude that the alleged payments were applied.  In short, the maths just don't math—which supports the plaintiffs' assertion that the bankruptcy payments weren't credited.  This leaves a genuine issue of material fact that must be resolved by the fact-finder.

### 1.    *The plaintiffs have actual damages.*

The defendants also contend that the RESPA claim in count two fails because the plaintiffs have no actual damages from this alleged RESPA violation.  12 U.S.C. § 2605(f)(1)(A) permits a borrower to recover "any actual damages to the borrower as a result of the failure" to comply with RESPA.[20]  Courts in this circuit have generally recognized that this actual-damages requirement is pecuniary.[21]  The main damage that the plaintiffs claim they suffered from Nationstar's failure to correct its alleged accounting error is that "Nationstar, on behalf of U.S.

---

[18] ECF No. 1 at 16–18.

[19] *Id.* at 19.

[20] 12 U.S.C. § 2605(f)(1)(A).

[21] *See, e.g.*, *In re Hoffmann*, 2023 WL 6395409 at *5 (Bankr. D. Or. Sept. 29, 2023); *Ponds v. Nationstar Mortg., LLC*, 2016 WL 3360675 at *6 (C.D. Cal. June 3, 2016) (collecting cases).

Bank, refused to issue a refund of improper fees and charges for interest that it assessed to the Loan and collected through the proceeds of the sale of the Home."[22]  If the factfinder determines that the plaintiffs are right about the math, this pecuniary loss would satisfy the actual-damage requirement for this claim.

### 2.    *The defendants have not shown that there is no private right of action for NOE violations of RESPA.*

The defendants also argue that the plaintiffs cannot bring a claim for violation of § 1024.35 of RESPA because Congress has not authorized a private right of action for such suits.[23]  The Ninth Circuit has not decided whether there is a private right of action for violations of RESPA.[24]  But the Second, Third, Seventh, and Eleventh Circuits have held that such a right exists.[25]  And the majority of district courts to address the issue have concluded that § 1024.35 (the provision undergirding plaintiffs' claim two) is enforceable through a private right of action

---

[22] ECF No. 27 at 10.

[23] ECF No. 26 at 25.

[24] *Nelson v. PHH Mortg. Corp.*, 2024 WL 810440 at *1 (9th Cir. Feb. 27, 2024) (unpublished) ("Assuming, without deciding, that there is a private right of action for violations of RESPA's implementing regulation, Nelson's claims are untimely."); *see also Mohamed v. Nationstar Mortg., LLC,* 2024 WL 4132351 at *3 (E.D.N.Y. Sept. 10, 2024) (noting that "[t]he Fifth and Ninth Circuits have declined to directly address whether Section 1024.35 provides a private right of action" but that the Second Circuit's opinion in *Naimoli v. Ocwen Loan Servicing, LLC*, 22 F.4th 376, 382 (2d Cir. 2022), "necessarily presupposes that a private right of action is available for Section 1024.35 claims").

[25] *Lloyd v. New Jersey Hous. & Mortg. Fin. Agency*, 845 F. App'x 139, 144 (3d Cir. 2021) (unpublished) ("Congress has explicitly authorized a private right of action for a borrower to enforce RESPA and its regulations, including Regulation X, against a loan servicer."); *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) ("If the servicer fails to respond adequately to the borrower's notice of error, then the borrower has a private right of action to sue the servicer under RESPA."); *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 681 (7th Cir. 2011) ("RESPA provides for a private right of action for violations of its requirements.").

under RESPA.[26]  I adopt the majority approach and find that RESPA provides a private cause of action for violations of 12 C.F.R. § 1024.35,[27] so I decline to grant summary judgment on this basis.

**C.      The facts of this case don't support a deceptive-trade-practices claim as a matter of law.**

In the fourth and final count, the plaintiffs assert a claim against Nationstar for violation of Nevada's Deceptive Trade Practices Act.[28]  They theorize that Nationstar violated the act by "refus[ing] to timely work with Plaintiffs to permit them to file a motion to sell the Property and ultimately close on the sale of the Property as scheduled."[29]  The delay caused Tonya Huyghe to postpone a necessary hand surgery, miss weeks of work, and incur lodging and storage expenses, they allege.[30]  Nationstar argues that it is entitled to summary judgment on this claim because the

---

[26] *See, e.g., Becker v. PennyMac Loan Servs., LLC*, 583 F. Supp. 3d 1090, 1098 (S.D. Ohio 2022) ("[T]his Court . . . concludes the NOE regulations codified at § 1024.35 of Regulation X are enforceable by way of a private right of action under RESPA."); *Lucas v. New Penn Fin., LLC*, 2019 WL 404033 at *4 (D. Mass. Jan. 31, 2019) (concluding "that 12 U.S.C. § 2605(f) provides a private cause of action for violations of 12 C.F.R. § 1024.35"); *Nirk v. Seterus, Inc.*, 2018 WL 7048025 at *4 (S.D. Fla. Mar. 21, 2018) (finding private right of action "in light of the clear evidence of an intent that Section 1024.35 provide a private right of action and the decisions from the Eleventh Circuit and other jurisdictions recognizing such a right of action"); *Ramirez v. Wells Fargo Bank, N.A.*, 2021 WL 9564023 at *5 (E.D.N.Y. Mar. 24, 2021) ("Because 12 C.F.R. § 1024.35 was promulgated pursuant to section 6 of RESPA, I reject Defendants' argument that there is no private right of action thereunder."). *But see Jones v. SN Servicing Corp.*, 2026 WL 806862 at *9 (E.D. Tex. Jan. 30, 2026) ("[T]his court finds that there is no private right of action for violations of §§ 1024.35 and 1024.36 of Regulation X."); *Miller v. HSBC Bank U.S.A., N.A.,* 2015 WL 585589 at *11 (S.D.N.Y. Feb. 11, 2015) (holding that "Miller's 'claim' based upon 12 C.F.R. § 1024.35 also fails because that regulation does not provide a private right of action for damages.").

[27] *See Lucas*, 2019 WL 404033 at *4; *Nirk*, 2018 WL 7048025 at *4.  I adopt by reference the reasoning in these cases.

[28] ECF No. 1 at 19.

[29] *Id*. at 21.

[30] *Id*.

8

act does not apply to real-estate transactions and, even if it did, the plaintiffs haven't identified a necessary false representation on which such a claim could be based.[31]  The plaintiffs respond that Nationstar's conduct was "an unconscionable practice" that is actionable under the statute.[32]  The servicer "falsely promised to escalate the Payoff Request or that the Payoff Request was already escalated," they say.[33]

This claim has a square-peg-in-a-round-hole problem that entitles Nationstar to summary judgment on it.  Courts in this district have consistently held that the act does not apply to real-estate-loan matters, which this clearly was.[34]  And while the Ninth Circuit recognized in *Dowers v. Nationstar Mortgage, LLC* that this is an unsettled issue in Nevada law, it predicted "that the Supreme Court of Nevada would hold that real estate loans do not fall within the" act.[35]  So I find that the conduct on which this claim is based fails to support it as a matter of law, and I grant summary judgment on this claim in favor of Nationstar.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 26] is GRANTED in part and DENIED in part**:

- Summary judgment is **GRANTED on Count One** against Nationstar (for RESPA violations under 12 C.F.R. § 1204.36 and 12 U.S.C. § 2605(k));

---

[31] ECF No. 26 at 28.

[32] ECF No. 27 at 28.

[33] *Id*. at 29.

[34] *See Edry v. Hometown Equity Mortg., LLC*, 2023 WL 3250830 at *4 (D. Nev. Jan. 31, 2023) (collecting cases).

[35] *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 972 (9th Cir. 2017) ("The DTPA governs transactions relating to 'goods and services,' *see* Nev. Rev. Stat. §§ 598.0915–598.0925, 598.0934, and a real estate loan is neither a good nor a service within the meaning of this statute.").

- Summary judgment is **DENIED on Counts Two and Three** (for RESPA violations under 12 C.F.R. § 1204.35 and 12 U.S.C. § 2605(k) and for TILA violations); and

- Summary judgment is **GRANTED on Count Four** against Nationstar for deceptive trade practices (under Nev. Rev. Stat. Ch. 598).

So this case proceeds to trial on claims two and three only.  But first, **the parties are ORDERED to a mandatory settlement conference** with the magistrate judge.  So **this case is referred to the magistrate judge to schedule a mandatory settlement conference.**  The deadline to file a joint pretrial order is stayed until 10 days after that settlement conference.

_____
U.S. District Judge Jennifer A. Dorsey
June 22, 2026

10